# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Afghan Washington Construction Company ) ASBCA No. 60856
)
Under Contract No. W5K9UR-10-C-7085 )

APPEARANCE FOR THE APPELLANT: Mr. Miya Mohammad*
President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Douglas A. Reisinger, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE SWEET ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND STANDING

The Department of the Army (government) has moved to dismiss this appeal, arguing that the individual representing himself as Miya Mohammad is not an authorized representative of the contractor, Afghan Washington Construction Company (AWCC). We grant the motion, and dismiss the appeal.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 23 June 2010, the government awarded Contract No. W5K9UR-10-C-7085 (7085 contract) to AWCC for the construction of facility structures in Helmond Province, Afghanistan. The contract indicated that Miya Mohammad, the general director of AWCC, was the person authorized to sign the contract. (R4, tab 1 at 1-2, 5)

2. Invoices issued during performance identified AWCC's email address (email address No. 1) (R4, tab 4). Likewise, emails to Mr. Mohammad during contract administration were sent to and received from email address No. 1 (R4, tabs 8, 11, 19).

3. On 9 December 2011, the government terminated the contract for default (R4, tab 21).

4. On 18 July 2016, the Board received via email a notice of appeal from an

---

* As discussed in greater detail below, the individual representing himself as
    Miya Mohammad is not, in fact, Miya Mohammad, and is not an authorized
    representative of AWCC.

unidentified individual whose email address was similar to, but not the same as, email address No. 1 (email address No. 2). We responded by inquiring about the identity of the individual filing the notice of appeal. That individual replied by indicating that he was Miya Mohammad, the president of AWCC. (R4, tab 24 at 6-7)

5. By email dated 2 August 2016, an individual representing himself as Miya Mohammad submitted a claim to the contracting officer from email address No. 2 (R4, tab 27 at 1-2).

6. Noticing that the email address No. 2 was different from email address No. 1, the government contacted Mr. Mohammad at email address No. 1. The email informed Mr. Mohammad of the appeal, and noted the email address discrepancy. The government inquired whether the email address No. 2 was accurate for representing AWCC. (Gov't mot., ex. 2 at 1)

7. Mr. Mohammad responded that "[f]or your kind information, the...email address [No. 2]...[is] not related to my company and it's a fake email" (gov't mot., ex. 2 at 1).

8. Mr. Mohammad also provided a declaration. In that declaration, the real Mr. Mohammad verified his identity and authority to act on behalf of AWCC by providing a copy of AWCC's Afghanistan Investment Support Agency license, which identifies him as the president. Mr. Mohammad declares that, while he may seek to file a claim in the future:

> I did not submit this claim [pending before the Board], nor did any other corporate officer of AWCC. This claim was submitted from the email address [No. 2]. That is a fake email address not affiliated with AWCC in any way. I have never used, or even had access to, [that email account].... The claim submitted from [email address No. 2] is not from me and is fraudulent.

(Gov't mot., ex. 3) We find that the declaration submitted by AWCC's president establishes that the individual representing himself as Mr. Mohammad who filed the notice of appeal is not the Mr. Mohammad who is AWCC's president, and therefore is not authorized to bring this appeal on behalf of AWCC.

2

## DECISION

We do not possess jurisdiction because the individual representing himself as Mr. Mohammad is not an authorized representative of AWCC. Under the Contract Disputes Act (CDA), we possess jurisdiction to adjudicate appeals taken by a contractor. 41 U.S.C. § 7104. A contractor is a party to a government contract other than the government. 41 U.S.C. § 7101(7). "[I]n order for this Board to have jurisdiction over a dispute involving [a] contract, a duly authorized representative of [the contractor] would have to bring a timely appeal." *William Reisner Corp.*, ASBCA No. 39944, 90-3 BCA ¶ 23,144 at 116,194; *see also* Board Rule 15(a) (stating that a corporate contractor may be represented only by an officer or attorney).

Here, AWCC was the party to the 7085 contract other than the government, so AWCC is the contractor (SOF ¶ 1). However, the individual representing himself as Mr. Mohammad is not a duly authorized representative of AWCC pursuant to Board Rule 15(a), has not demonstrated that he is a party to the subject contract, and is not a contractor under the CDA (SOF ¶¶ 7-8). Therefore, we do not possess jurisdiction over this appeal.

## CONCLUSION

This appeal is dismissed.

Dated: 20 March 2018

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60856, Appeal of Afghan Washington Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals